UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMADOU SANKARA,

                    Petitioner,

     -against-

IMMIGRATION,

                    Respondent.

No. 16-CV-3155 (LAP)

OPINION AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

In July 2016, the Court dismissed this matter after concluding that it lacked jurisdiction to consider Petitioner's challenge to his order of removal and declining to transfer the matter to the Court of Appeals because Petitioner's challenge was untimely. (Dkt. nos. 6 [Or.], 7 [J.].)  In January 2017, the Court of Appeals dismissed Petitioner's appeal.  (Dkt. no. 12 [Mandate].)

In October 2025, Plaintiff, pro se, moved for the following:

Under, Rule 60, b, (4)-(6), the judgment is void and based on an earlier judgment, mistake, excusable neglect, surprise, newly, discovery evidence deliberate indifference, under 28 U.S.C. § 2253. P[e]tition "seeking relief" for Asylum claim or United Nations CAT, Convention against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment. Immigration Judge, Alen Page, error order remove me on July 20,, 2012, and Hon. Judge B.I.A., error affirm[] order on

1

> July 15, 2013, I am a native of Ivory Coast I came to USA with Visa on 2001, "As I am Victim[] Of Crime In USA Now."

(Dkt. no. 13 [Mot.] at 1.)

Under Rule 60(b), a party may seek relief from a federal district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Having considered Petitioner's motion — even construing his filing liberally — the Court concludes that he has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply.

As to Rule 60(b)(6), such a "motion must be based upon some reason other than those stated in clauses (1)-(5)." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (quoting Smith v. Sec'y of HHS, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Petitioner has failed to demonstrate

2

that extraordinary circumstances exist to warrant relief under Rule 60(b)(6), or that he filed the motion within a reasonable time. See Ackermann v. United States, 340 U.S. 193, 199-202 (1950).

Finally, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Accordingly, Petitioner's motion is DENIED. The Clerk of the Court shall close docket number 13.

**SO ORDERED.**

Dated:    April 30, 2026
          New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge

3